﻿Citation Nr: AXXXXXXXX
Decision Date: 05/20/19 Archive Date: 05/20/19

DOCKET NO. 181130-1707
DATE: May 20, 2019

REMANDED

Entitlement to service connection for a back disability (claimed as back pain) is remanded.

Entitlement to service connection for fatigue (also claimed as malaise) is remanded.

Entitlement to service connection for headaches is remanded.

Entitlement to service connection for hepatitis C is remanded.

Entitlement to service connection for hypertension (claimed as high blood pressure) is remanded.

Entitlement to service connection for a left ankle disability (claimed as left ankle pain and edema and left ankle arthritis) is remanded.

Entitlement to service connection for a left hip disability (claimed as hip arthritis) is remanded.

Entitlement to service connection for a left knee disability (claimed as left knee arthritis) is remanded.

Entitlement to service connection for a right ankle disability (claimed as right ankle pain and edema and right ankle arthritis) is remanded.

Entitlement to service connection for a right hip disability (claimed as hip arthritis) is remanded.

Entitlement to service connection for a right knee disability (claimed as right knee arthritis) is remanded.

Entitlement to service connection for a right shoulder disability (claimed as shoulder arthritis) is remanded.

Entitlement to service connection for diabetes mellitus, type II is remanded.

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty in the U.S. Army from June 1974 to March 1988.

These matters come before the Board of Veterans’ Appeals (Board) on appeal from an October 2018 RAMP rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the July 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested the direct review option.

1. Entitlement to service connection for hypertension (claimed as high blood pressure) is remanded.

The Veteran claims his currently diagnosed hypertension is related to service. His service treatment records do show elevated blood pressure readings of 140/64 in November 1977, 150/90 in August 1986, 150/74 in December 1986. Accordingly, as he has yet to undergo a VA examination, such should be scheduled upon remand.

2. Entitlement to service connection for headaches is remanded.

The Veteran contends his headaches are related to service. His VA treatment records do show he complained of headaches in June 2017. Moreover, his service treatment records do show a complaint of headaches in March 1986 and September 1987. Accordingly, as he has yet to undergo a VA examination, such should be scheduled upon remand.

3. Entitlement to service connection for hepatitis C is remanded.

The Veteran contends his hepatitis C is related to his service. In this regard, his service treatment records show treatment for hepatitis. However, the Veteran has not been afforded a VA examination in connection with his claim. Accordingly, upon remand, he should be scheduled for a VA examination.

4. Entitlement to service connection for a back disability (claimed as back pain) is remanded.

5. Entitlement to service connection for a left ankle disability (claimed as left ankle pain and edema and left ankle arthritis) is remanded.

6. Entitlement to service connection for a left hip disability (claimed as hip arthritis) is remanded.

7. Entitlement to service connection for a left knee disability (claimed as left knee arthritis) is remanded.

8. Entitlement to service connection for a right ankle disability (claimed as right ankle pain and edema and right ankle arthritis) is remanded.

9. Entitlement to service connection for a right hip disability (claimed as hip arthritis) is remanded.

10. Entitlement to service connection for a right knee disability (claimed as right knee arthritis) is remanded.

11. Entitlement to service connection for a right shoulder disability (claimed as shoulder arthritis) is remanded.

The Veteran contends that he developed fatty liver from his hepatitis C which causes pain throughout his body. The Veteran’s VA treatment records show he has been diagnosed with polyarthritis. As the claim for hepatitis C is being remanded, the claims for disabilities of the back, knees, hips, ankles and right shoulder are inextricably intertwined with the claim for hepatitis C.

12. Entitlement to service connection for fatigue (also claimed as malaise) is remanded. 

The Veteran contends his fatigue is related to his hepatitis C. The Veteran’s service treatment records show a complaint of “general malaise” in December 1987. His VA treatment records also show complaints of fatigue in June 2018. At that time, the Veteran reported that he thought that his fatigue was related to some of the medications he was taking. Accordingly, as he has yet to undergo a VA examination, such should be scheduled upon remand.

13. Entitlement to service connection for diabetes mellitus, type II is remanded.

The Veteran contends his diabetes mellitus, type II is related to service or alternatively, to a condition of hepatic steatosis, a fatty liver disease. As the Veteran has also claimed that his fatty liver is a result of his hepatitis C, the Board finds that the claim for diabetes mellitus is also inextricably intertwined with the claim for hepatitis C.

In conclusion, for the reasons explained above, the Board finds a remand is necessary to afford the Veteran VA examinations and to obtain opinions on the nature and etiologies of the claims for hypertension, headaches, hepatitis C, and fatigue/malaise to cure the pre-decisional duty to assist error. However, also as explained above, adjudication of the claims for disabilities of the back, right shoulder, hips, knees and ankles must be deferred pending the proposed development of the claim for hepatitis C.

The matters are REMANDED for the following actions:

1. Schedule the Veteran for a VA hypertension examination to determine the nature of his hypertension and to obtain an opinion as to whether such is possibly related to service. The claims file should be reviewed by the examiner in conjunction with the examination. All necessary tests should be conducted, and the results reported.

Following review of the claims file and examination of the Veteran, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the current hypertension arose during service or is otherwise related to service. Please explain why or why not and address the significance, if any, of the November 1977, August 1986, and December 1986 in-service elevated blood pressure readings.

2. Schedule the Veteran for a VA headache examination to determine the nature of his claimed headache disability and to obtain an opinion as to whether such is possibly related to service. The claims file should be reviewed by the examiner in conjunction with the examination. All necessary tests should be conducted, and the results reported.

Following review of the claims file and examination of the Veteran, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that a current headache disability arose during service or is otherwise related to service. Please explain why or why not and address the significance, if any, of the March 1986 and September 1987 in-service complaints of headaches.

3. Schedule the Veteran for a VA hepatitis C examination to determine the nature of his claimed hepatitis C and to obtain an opinion as to whether such is possibly related to service. The claims file should be reviewed by the examiner in conjunction with the examination. All necessary tests should be conducted, and the results reported.

Following review of the claims file and examination of the Veteran, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that hepatitis C arose during service or is otherwise related to service. Please explain why or why not and address the significance, if any, of the in-service diagnoses of hepatitis.

4. Schedule the Veteran for an appropriate VA examination to determine the nature of his claimed fatigue/malaise and to obtain an opinion as to whether such is possibly related to service. The claims file should be reviewed by the examiner in conjunction with the examination. All necessary tests should be conducted, and the results reported.

Following review of the claims file and examination of the Veteran, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the claimed fatigue/malaise arose during service or is otherwise related to service. Please explain why or why not and address the significance, if any, of the December 1987 in-service complaint of “general malaise.”

 

ANTHONY C. SCIRÉ, JR

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. Medina, Associate Counsel